IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN J. EVANITUS,** | : | Civil No. 1:20-CV-1187 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **KILOLO KIJAKAZI,** | : | |
| **Acting Commissioner of Social Security,**[1] | : | |
| | : | |
| **Defendant** | : | |

# MEMORANDUM OPINION

## I.  Introduction

In the instant case we are called upon to further consider a question which has recently inspired much litigation—the status of Social Security Administrative Law Judges (ALJs) under the Appointments Clause to the United States Constitution. In this field we most assuredly do not write upon a blank slate. Quite the contrary, the question of whether these ALJs were properly appointed has been resolved conclusive in this circuit in <u>Cirko on behalf of Cirko v. Commissioner of Social Security</u>, 948 F.3d 148 (3d Cir. 2020), where the Third Circuit held that the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

appointment of these officers did not comport with Constitutional mandates. Thus, in light of Cirko the Commissioner has been obliged to re-appoint all ALJs in a manner that complies with the dictates of the Constitution. We now consider a collateral consequence of this ruling; namely, whether on remand a case heard by an improperly appointed ALJ should be referred to a different ALJ for reconsideration. As discussed below, consistent with the seminal Supreme Court case in this field, Lucia v. S.E.C., 138 S. Ct. 2044 (2019), we find that remand to a different ALJ is the appropriate remedy. Since that did not occur in the instant case, we will direct that this case be referred once again to the Commissioner for a new hearing before a different ALJ.

This case comes before us for review of a decision denying Social Security benefits rendered by an Administrative Law Judge ("ALJ"). Steven Evanitus first applied for Social Security disability benefits in 2013, and after a hearing, ALJ Wolfe denied his application for benefits in a written decision in 2014. Evanitus filed an appeal with the district court, and the decision was remanded for further consideration. Evanitus v. Colvin, No. 3:16-CV-0845. Following the district court's remand, a second hearing was held before ALJ Wolfe on Evanitus' disability application. Evanitus' application for benefits was again denied, and the Appeals Council upheld the ALJ's decision.

Evanitus then filed this appeal. (Doc. 1). In addition to arguing that ALJ Wolfe's decision was not supported by substantial evidence, Evanitus argues that ALJ Wolfe improperly presided over his second disability hearing. On this score, he contends that consistent with the United States Supreme Court's decision in <u>Lucia v. S.E.C.</u>, 138 S. Ct. 2044 (2019) and the Third Circuit Court of Appeals' decision in <u>Cirko on behalf of Cirko v. Commissioner of Social Security</u>, 948 F.3d 148 (3d Cir. 2020), ALJ Wolfe was not a constitutionally appointed ALJ at the time she rendered the first unfavorable decision, and thus on remand, his application should have been heard by a different, constitutionally appointed ALJ. Although ALJ Wolfe had been reappointed by the Acting Commissioner of Social Security prior to this second hearing, <u>see</u> SSR 19-1p, 2019 WL 1324866 (Mar. 15, 2019), Evanitus contends that under <u>Lucia</u> and <u>Cirko</u> his application should have been considered by an ALJ other than the ALJ who presided over his first application.

After consideration, we agree with the rising tide of recent caselaw that requires such a remand to be heard by an ALJ other than the ALJ who presided over the first hearing. Accordingly, we will remand this case for further consideration by a different ALJ than the ALJ who presided over the plaintiff's first hearing.

## II. Discussion

As we have explained, the plaintiff presents a threshold Appointments Clause challenge and contends that a remand is required here. On this score, Evanitus argues that ALJ Wolfe was not constitutionally appointed at the time of the first decision in 2014, and that his case should have been remanded to a different ALJ, even though ALJ Wolfe had been reappointed by the time of his second hearing. Evanitus asserts that the holdings in Lucia and Cirko require a remand to a different constitutionally appointed ALJ. After consideration, we agree and will remand this case for further consideration by an ALJ other than ALJ Wolfe.

### A. *Lucia* and *Cirko*

In 2018, the United States Supreme Court held that the ALJs appointed by the Securities and Exchange Commission ("SEC") are "Officers of the United States" and had not been properly appointed under the Appointments Clause. Lucia, 138 S. Ct. at 2053-55. The Court found that these ALJs exercised "significant discretion" in carrying out "important functions," and were required to be appointed by the President, a court of law, or a department head. Id. Because the SEC ALJs had not been properly appointed, the Court remanded the case for consideration by a different constitutionally appointed ALJ. Id. at 2055. Specifically, the Court found that the case would not be remanded for consideration by the ALJ who initially heard

that case, "even if he has by now received (or receives sometime in the future) a constitutional appointment," because the Judge "ha[d] already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before." Id.

Following Lucia, and in response to an executive order suggesting that "at least some—and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause," Exec. Order No. 13843, 83 FR 32755 (July 10, 2018), the Acting Commissioner of Social Security reappointed the Agency's ALJs. See SSR 19-1p, 2019 WL 1324866 (Mar. 15, 2019). Then, in early 2020, the Court of Appeals for the Third Circuit held that Social Security claimants need not exhaust such challenges under the Appointments Clause in their administrative proceedings. Cirko, 948 F.3d at 159. The Court reasoned that requiring exhaustion of this issue would compromise the ability of claimants to protect their rights:

> First, an exhaustion requirement for Appointments Clause claims would impose an unprecedented burden on SSA claimants who are subject, not to an adversarial process, but to an inquisitorial process. While exhaustion may be broadly required in an agency where "it is usually 'appropriate under [the agency's] practice' for 'contestants in an adversary proceeding' before it to develop fully all issues there," Sims, 530 U.S. at 109, 120 S.Ct. 2080 (alteration in original) (quoting United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 36–37, 73 S.Ct. 67, 97 L.Ed. 54 (1952)), the SSA's inquisitorial system does not fit that description. In the SSA, "[t]he [agency], not the claimant, has

5

> primary responsibility for identifying and developing the issues," Sims, 530 U.S. at 112, 120 S.Ct. 2080, such that the ALJ takes "an active investigatory role" and "shoulders a statutory obligation to obtain evidence," "to order medical testing," and "to request witnesses," Jon C. Dubin, Torquemada Meets Kafka: The Misapplication of the Issue Exhaustion Doctrine to Inquisitorial Administrative Proceedings, 97 Colum. L. Rev. 1289, 1303 (1997).
>
> …..
>
> The need to protect those individual rights is especially acute, however, where, as here, claimants' "physical condition and dependency on the disability benefits" are at issue. Mathews v. Eldridge, 424 U.S. 319, 331, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Disability benefits are usually claimants' primary source of income—highlighting the need for both the appearance and reality of fair adjudicators appointed impartially under the Appointments Clause and making the "nature of [a disability] claim" an "important factor[ ]" in determining whether to take federal jurisdiction over a procedurally flawed administrative appeal, id. at 331 n.11, 96 S.Ct. 893. Indeed, we have said that in such cases "the claimant's interest in having the constitutional issue resolved promptly is so great that further deference to agency procedures is inappropriate." Mattern v. Mathews, 582 F.2d 248, 253 (3d Cir. 1978).

Cirko, 948 F.3d at 156-57. Accordingly, the Court affirmed the district court's decision to remand the cases to the Social Security Administration "for new hearings before constitutionally appointed ALJs other than those who presided over Appellees' first hearings." Id., at 159-60.

Since Lucia and Cirko were decided, several courts in this circuit, including this district, have held that upon a remand where the first hearing was held before an ALJ who was improperly and unconstitutionally appointed, a hearing on remand

6

must be held by a different ALJ, regardless of whether the first ALJ was reappointed. In Denicola v. Comm'r of Soc. Sec., 2021 WL 735853 (M.D. Pa. Feb. 25, 2021) (Mehalchick, M.J.), the court remanded the case for a hearing in front of a new ALJ, reasoning that "the remedy afforded in Lucia—rehearing before a new ALJ—suggests that if an improperly appointed ALJ presides over an SSA claimant's hearing, an Appointments Clause violation has occurred, *regardless of whether the ALJ is properly appointed before issuing a final decision*." Id., at *5 (emphasis added). See also Brown v. Saul, 2020 WL 6566221, at *4 (W.D. Pa. Nov. 9, 2020) (remanding for rehearing before a new ALJ and holding that after-the-fact ratification of ALJs is "not consistent with what the Administration said it would do in SSR 19-1p" and "inconsistent with the holding in Lucia"); Morris v. Comm'r of Soc. Sec., 2020 WL 3104931, at *1-2 (W.D. Pa. June 11, 2020) (remanding for rehearing before a new ALJ because the ALJ who decided the case "was not constitutionally appointed for the entirety of the relevant time period"); Bullard v. Saul, 2020 WL 2615651, at *1 (E.D. Pa. May 22, 2020) ("[E]ven though Bullard's third administrative hearing took place after the ALJ was constitutionally appointed, her consideration of Bullard's claim . . . was improper").

7

### B. This Case will be Remanded for a New Hearing Before a Different Constitutionally Appointed ALJ.

Judged against these legal benchmarks, and consistent with this recent caselaw, we conclude that this case should be remanded for a new hearing in front of a different constitutionally appointed ALJ. For its part, the Commissioner argues that because ALJ Wolfe had been constitutionally appointed by the time of the second hearing on February 19, 2019, Lucia and Cirko do not require a remand. Rather, the Commissioner contends that because Evanitus did not raise an Appointments Clause challenge in his first appeal challenging the first hearing, he cannot now raise this challenge with respect to the second hearing where ALJ Wolfe was constitutionally appointed.

We disagree.

In the instant case, Evanitus' first hearing on his disability application was before ALJ Wolfe in 2014. There is no dispute that at the time of this hearing, ALJ Wolfe was not constitutionally appointed. The district court remanded the appeal for further consideration finding that substantial evidence did not support ALJ Wolfe's 2014 decision. Thus, on remand, when a second hearing was held on February 19, 2019, the Acting Commissioner had already reappointed the SSA ALJs, and thus ALJ Wolfe was a constitutionally appointed ALJ at that time.

8

However, consistent with the recent caselaw in this Circuit, we conclude that the case should have been remanded for rehearing in front of a different ALJ other than ALJ Wolfe. As Magistrate Judge Mehalchick reasoned in Denicola,

> Nothing in the text of Lucia suggests that its holding is inapplicable to cases involving ALJs who are properly appointed midway through an action to which they are assigned to preside. In fact, the remedy afforded in Lucia – rehearing before a new ALJ – suggests that if an improperly appointed ALJ presides over an SSA claimant's hearing, an Appointments Clause violation has occurred, regardless of whether the ALJ is properly appointed before issuing a final written decision.

Denicola, 2021 WL 735853, at *5. Indeed, the Supreme Court in Lucia specifically ordered the case remanded to a different ALJ than the ALJ who originally heard the plaintiff's case, regardless of whether the ALJ "ha[d] by now received (or receives sometime in the future) a constitutional appointment." Lucia, 138 S. Ct. at 2055. Additionally, the Third Circuit in Cirko remanded the claimants' appeals to "constitutionally appointed ALJs *other than those who presided over Appellees' first hearings*." Cirko, 948 F.3d at 159-60 (emphasis added).

Further, as we have noted, other courts in this circuit have held that in a case such as this, where the ALJ may have received a constitutional appointment at some time during the proceedings, Lucia and Cirko require that a remand be heard before a different ALJ than the ALJ who initially heard the case. See e.g., Brown, 2020 WL 6566221, at *4 (remanding for rehearing before a new ALJ and holding that after-

9

the-fact ratification of ALJs is "not consistent with what the Administration said it would do in SSR 19-1p" and "inconsistent with the holding in Lucia"); Morris, 2020 WL 3104931, at *1-2 (remanding for rehearing before a new ALJ because the ALJ who decided the case "was not constitutionally appointed for the entirety of the relevant time period"); Bullard, 2020 WL 2615651, at *1 ("[E]ven though Bullard's third administrative hearing took place after the ALJ was constitutionally appointed, her consideration of Bullard's claim . . . was improper"). Accordingly, we find that a remand to a different ALJ is appropriate in this case.

      Finally, while we are remanding this case on the issue of the Appointments Clause challenge, we note that remand to a different ALJ may be particularly appropriate in this case. Indeed, the plaintiff's appeal also argues that ALJ Wolfe's 2019 decision is not supported by substantial evidence—a phrase that "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). On this score, ALJ Wolfe's 2014 decision concluded that the opinion of Dr. Feinstein was "consistent with objective medical evidence as well as the physical examination findings," and she gave this medical opinion great weight in finding that Mr. Evanitus was not disabled. (Tr. 22). Curiously, in her 2019 opinion denying Evanitus' application on remand, ALJ Wolfe gave Dr. Feinstein's opinion only

partial weight, finding that this medical opinion was inconsistent with the medical record. (Tr. 498).

Thus, given the internal inconsistencies in these two decisions denying Evanitus' claim for benefits, we find it particularly appropriate that this case be remanded to a different ALJ for further consideration of the plaintiff's claim. This is the appropriate remedy in this case since as the Supreme Court observed in Lucia ALJ Wolfe simply "cannot be expected to consider the matter as though [s]he had not adjudicated it before." Lucia, 138 S. Ct. at 2055. However, while we note this internal inconsistency, which further suggests that remand to a newly appointed ALJ who can provide a fresh perspective on this case is appropriate, nothing in this Memorandum Opinion should be deemed as expressing a judgment on what the ultimate outcome of any reassessment of this evidence should be. Rather, the task should remain the duty and province of the newly appointed ALJ on remand.

### III.  Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED that this case be REMANDED for further consideration of the Plaintiff's application by a different constitutionally appointed ALJ.

An appropriate order follows.

<u>*s/ Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

DATED: November 23, 2021